**Marlene Torres URENA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73250.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 27, 2009.

Marlene Torres Urena, Los Angeles, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Securi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., Russell J.E. Verby, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Marlene Torres Urena, a native and citizen of Costa Rica, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

The agency denied Torres Urena's asylum claim as time-barred. Torres Urena does not challenge this finding in her opening brief.

Substantial evidence supports the agency's denial of withholding of removal because Torres Urena failed to establish past persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003), or that it was more likely than not she would be persecuted if returned to Costa Rica, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provid-

Lastly, Torres Urena's contention that the BIA failed to adequately articulate its reasoning is not supported by the record.

**PETITION FOR REVIEW DENIED.**